BOLIN, Judge.
Plaintiff sued a homeowner and his construction contractor for unpaid building materials. By a third party demand and a reconventional demand the contractor and homeowner litigated whether either or both could recover damages against the other under a building contract or for actions relating to the house construction. The lower court found the contractor had not complied with his contractual obligations and awarded the homeowner a portion of his claim plus damages for inconvenience. The contractor appeals and the homeowner answers seeking an increase in the award.
Lloyd Smith contracted with Robert L. Rowan Contracting Agency for Rowan to furnish materials and labor and build a shell home on property belonging to Smith. Rowan completed the frame and was finishing the roof when Smith discovered the pitch or height of the roofline varied. Smith was dissatisfied with the roof appearance and complained to Rowan who came to the site and started rebuilding the roof. Rowan then ordered the extra material for which this suit was brought. When Rowan had practically finished the roof he demanded that Smith pay him $1,800 for this extra work. Smith refused and Rowan walked off the job without completing the contract. Smith then hired workmen who, with Smith’s help, finished the work.
There are four issues on appeal, which will be set forth and discussed separately.
The first issue is whether there was an agreement between Smith and Rowan for Smith to pay Rowan an. additional $1,800 to make the changes in the roofline. The trial judge found that Rowan did some extra work with Smith’s knowledge. However, since it was also found that Smith had not agreed to pay for the extra work the burden was on Rowan to prove the value of this item. Rowan produced no evidence of the value of this work except his own unsupported demand for $1,800. The trial court correctly concluded this self-serving testimony was not sufficient to prove this item.
The second issue is whether Rowan substantially complied with the contract. If the builder substantially complies with the contract he may recover the full amount of the contract price and the owner is limited to reducing the amount by proving the cost of repairing or finishing the defective portion. Louisiana Civil Code Article 2769; Florida Ice Machine Corp. v. Branton Insulation, Inc., 290 So.2d 415 (La.App.4th Cir., 1974) and cases cited therein. The lower court found, since Rowan had left more than ten percent of the work unfinished, he had not substantially complied with the contract. We agree with this finding.
Where the contractor has not substantially performed a building contract he is limited to recovery on quantum meruit and the owner is entitled to be paid any costs incurred to complete the house in excess of the contract price. Keating v. Miller, 292 So.2d 759 (La.App.4th Cir., 1974), and cases cited therein. Cancelled checks totaling $4,929.59 given by Smith corroborated his testimony that it was necessary to spend that amount for materials and labor to complete work under the contract. The lower court gave Rowan credit for the unpaid balance due on the contract, which reduced the amount collectible by Smith to $1,757.59. We find this award to be correct.
*572 In his answer to the appeal Smith claimed $1,200 for 45 days work allegedly performed by him in aiding the workmen in finishing the construction. The trial court found the evidence offered was insufficient to prove this claim which he disallowed. We are in accord.
The third issue is whether the court erred in granting Smith $1,000 for inconvenience, harassment and mental anguish allegedly suffered by him as the result of the breach of contract by Rowan. This type of award is authorized by Louisiana Civil Code Article 1934(3) and has been made in numerous cases. Cooperative Cold Storage Builders, Inc. v. Arcadia Foods, Inc., 291 So.2d 403 (La.App.4th Cir., 1974) and cases cited therein. However, in this case there is no evidence Smith suffered any damage. In fact most of the evidence relates to the inconvenience caused to his wife and the husband may not recover for mental anguish suffered by his wife. Since there was no evidence to support this award it was improperly allowed and the judgment is amended to delete this award.
The final issue is whether Rowan was incorrectly cast twice for the full amount of the building supplies. Judgment was rendered in favor of the materialman against Rowan, and Smith, in solido, for $1,832.25, the amount of the original plaintiff’s claim. This part of the judgment is not questioned. However, judgment was rendered in favor of Smith against Rowan for the same amount. There is no limiting or qualifying language in the judgment so if Rowan pays the materialman he will still be liable to Smith for a like amount. It is obvious this portion of the judgment was under the third party demand and should have limited Rowan’s liability to whatever amount Smith is required to pay the mate-rialman.
The first two paragraphs of the judgment are affirmed as written. Paragraph number three of the judgment is amended and recast as follows: there is judgment in favor of Lloyd C. Smith and against Robert L. Rowan d/b/a Robert L. Rowan Contracting Agency for whatever amount Smith pays Stephenson under paragraph one of this judgment; and there is further judgment in favor of Smith against Robert L. Rowan d/b/a Robert L. Rowan Contracting Agency in the amount of $1,757.59 plus legal interest from judicial demand until paid.
Appellant is cast for all costs.